UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TIMOTHY MAKAS,

                        Plaintiff,

     -against-                              1:09-CV-00129 (LEK/RFT)

ERIC BENJAMIN; THE ULSTER
COUNTY SHERIFF; and THE ULSTER
COUNTY SHERIFF'S DEPARTMENT,

                        Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

Plaintiff *pro se* Timothy Makas ("Plaintiff" or "Makas") brings the instant action against

Defendants Eric Benjamin, the Ulster County Sheriff, and the Ulster County Sheriff's Department

(collectively, "Defendants") pursuant to 42 U.S.C. § 1983.  Complaint (Dkt. No. 1).  Plaintiff

alleges, *inter alia*, trespass, conversion of property and an unconstitutional search and seizure.

Compl. ¶ I(A).  Presently before this Court is Defendants' Motion to dismiss.  Motion (Dkt. No. 24).

For the following reasons, Defendants' Motion to dismiss is granted.

### I.    BACKGROUND

On May 9, 1998, Plaintiff started a fire in a building he owned in Ulster County.  People v.

Makas, 709 N.Y.S.2d 650, 650 (3d Dep't 2000).  According to Plaintiff on that day, Defendants

trespassed on his property, converted his property, and conducted an unconstitutional search and

seizure of his house.  Compl. ¶ I(A).  Plaintiff was arrested and pled guilty but the judgment was

1

reversed as a matter of law and remitted to Ulster County Court.  People v. Makas, 709 N.Y.S.2d

650 (3d Dep't 2000).  He subsequently entered a plea of not responsible by reason of mental disease

or defect.  Makas v. Schlenker, 793 N.Y.S.2d 604, 605 (3d Dep't 2005).  He was then placed in the

custody of the Commissioner of New York State Office of Mental Health and committed to the

Mid-Hudson Forensic Psychiatric Center.  Id.  Plaintiff filed a writ of habeas corpus, which was

denied.  Makas v. Holanchock, No. 9:02CV0083 (JKS), 2007 U.S. Dist. LEXIS 41520 (N.D.N.Y.

June 7, 2007).

On February 3, 2009, Plaintiff commenced the present action  pursuant to 42 U.S.C. § 1983

seeking declaratory and monetary relief against Defendants for the alleged actions on May 9, 1998.

Complaint at 1.  In lieu of filing an answer, on July 2, 2009, Defendants filed the Motion to dismiss

presently before the Court.  See Motion.  On July 27, 2009, Plaintiff filed a Memorandum of law in

opposition to Defendants' Motion to dismiss and included a Motion to amend his Complaint to

clarify and introduce the Ulster County as a defendant.  Response (Dkt. No. 26).

## II.    STANDARD OF REVIEW

In order to withstand a motion to dismiss, "a [pleading] must contain sufficient factual

matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A

party must plead with such factual detail so as to sufficiently "'nudge [ ][its] claims . . . across the

line from conceivable to plausible.'"  Iqbal, 129 S.Ct. at 1950-51 (quoting Twombly, 550 U.S. at

570).  While stating a claim does not require the recitation of detailed factual allegations, it does,

however, require facts sufficient to state a claim for relief that is prima facie plausible.  Iqbal, 129

S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).  The Court must accept the allegations in the well-

2

pleaded complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and draw all inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1973); Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002).

In assessing the legal sufficiency of the Complaint, the Court is mindful that Plaintiff is a *pro se* litigant and his submissions are subject to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when a plaintiff proceeds *pro se* the court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations'") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

### III.   DISCUSSION

#### A.   Statute of Limitations

Defendants move to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motion at 1. Defendants argue that all of Plaintiff's claims are barred by the statute of limitations. Id. Civil rights claims brought under 42 U.S.C. § 1983 are subject to the general statute of limitations for personal injury actions in the forum state. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002);

Baker v. New York City, 943 F.Supp. 533, 534-35 (E.D.N.Y. 1996).  In New York, the statute of limitations for personal injury claims is three years.  N.Y. C.P.L.R. § 214(3)-(5).  Thus, the applicable statute of limitations here is three years.  See e.g., Owens, 488 U.S. at 251; Pearl, 296 F.3d at 79; Baker, 943 F.Supp. at 535.

Although the statute of limitations is governed by state law, the accrual date is dictated by federal law.  See Wallace v. Kato, 549 U.S. 384, 388 (2007).  Accrual is generally described as beginning when the plaintiff "knows or has reason to know" of the injuries on which his claims are based.  Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir. 1990); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980); Daniels v. Doe, No. 99 Civ. 2192, 1999 U.S. Dist. LEXIS 19370, at *7 (S.D.N.Y. Dec. 17, 1999).  Specifically, the accrual date is the date of the decisive events.  See Singleton, 632 F.2d at 191; Day v. Moscow, 796 F.Supp. 472, 476 (S.D.N.Y. 1991).  For example, a search and seizure claim accrues "at the time of the search or seizure."  Zarro v. Spitzer, No. 1:06-CV-1166(GLS/DRH), 2009 U.S. Dist. LEXIS 88424, at *4 (N.D.N.Y. Sept. 25, 2009) (citing Wallace, 549 U.S. at 397; Spencer v. Connecticut, 560 F. Supp. 2d 153, 158-59 (D. Conn. 2008)).  Therefore, here, the accrual date for the search and seizure is the date of the event, May 9, 1998.  Zarro, 2009 U.S. Dist. LEXIS 88424, at *4; see generally Complaint.  Likewise, Defendants' alleged trespass occurred when Defendants arrested Plaintiff on May 9, 1998.  Complaint at ¶ II(10).  Plaintiff knew of the injury and therefore his claim accrued on that day.

Plaintiff now argues he did not know of the takings until November 1998 when Plaintiff "made bail and surveyed the damages and/or taking done by the Defendants" and that he did not know what exculpatory evidence was until he was incarcerated in 1999.  Compl. ¶¶ II(17)&(20).  Nevertheless, the accrual date for Plaintiff's claims is the date of the decisive events, namely May 9,

1998 when the alleged trespass, conversion, retaliation, and search and seizure took place.  See

Singleton, 632 F.2d at 191; see generally Complaint.  On that date, Plaintiff knew of the injury on

which his claims are based and is the date of accrual.

If a person is under a disability because of insanity at the time the cause of action accrues,

the time for commencing the action can be extended.  See McCarthy v. Volkswagen of Am., 55

N.Y.2d 543, 548 (1982).  Section 208 of the C.P.L.R. "extend[s] the toll for insanity to . . . those

individuals who are unable to protect their legal rights because of an over-all inability to function in

society."  McCarthy, 55 N.Y.2d at 548.  Tolling, however, "shall not be extended . . . beyond ten

years after the cause of action accrues."  N.Y. C.P.L.R. 208.  Plaintiff is currently in the custody of

the Commissioner of the New York State Office of Mental Health and committed to the Mid-

Hudson Forensic Psychiatric Center.  Plaintiff bases his claims on events which occurred on May 9,

1998.  See Complaint.  This action, however, was brought on February 3, 2009.  Id.  Therefore, even

assuming *arguendo* that the tolling statute applies, this action would still exceed the statute of

limitations and is thus untimely.[1]

## B.    Ulster County Sheriff's Department

The Ulster County Sheriff's Department also moves to dismiss Plaintiff's Complaint on the

ground that it is not susceptible to suit under 42 U.S.C. § 1983.  See Motion at 11.  Although a

county may be susceptible to suit under 42 U.S.C. § 1983, a county sheriff's department is not.  See

Walker v. Waterbury Police Dep't., 08-CV-959 (JG)(AKT), 2009 U.S. Dist. LEXIS 7933, at *5

(E.D.N.Y. Feb. 4, 2009).  A sheriff's department is "an administrative arm of the county," which

---

[1] Defendants raise other grounds for dismissal.  See generally Motion.  The Court need not address the other grounds for dismissal since this action is unequivocally time barred.

cannot sue or be sued. <u>Baker v. Willet</u>, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999); <u>Fanelli v. Town of Harrison</u>, 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999).

Here, Plaintiff has sued the Ulster County Sheriff's Department. <u>See generally</u> Complaint. Plaintiff's Complaint asserts that it is brought pursuant to 42 U.S.C. § 1983 and does not provide any other basis for the claims. <u>Id.</u> at 1. Since the Ulster County Sheriff's Department cannot be sued pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint is dismissed as against the Ulster County Sheriff's Department.

### C.    Amended Complaint

Plaintiff moves to amend his Complaint "to clarify and introduce Ulster County as a Defendant." Response at 8. In the interest of justice, *pro se* plaintiffs are generally given wide latitude in the opportunity to amend their complaints but the court does not need to allow it if the amendment would be futile. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Acito v. Imcera Group</u>, 47 F.3d. 47, 55 (2d Cir. 1995). Here, assuming *arguendo* that the court allowed Plaintiff to amend his Complaint, the Complaint would still be dismissed as time barred; therefore amendment would be futile. Accordingly, Plaintiff's Motion to amend is denied.

### IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 24) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion to amend the Complaint (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that the Clerk enter Judgment for Defendants; and it is further

6

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      November 18, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge